CUTRER, Judge.
Plaintiff, Wilson L. Gordon, brought suit against defendants, General Motors Corporation and its insurer, Royal Indemnity Company, for damages allegedly sustained by him in a vehicular collision, the cause of which was alleged to have been defective ball joints on plaintiff’s GMC truck, which was manufactured by General Motors. A jury trial was held and a verdict rendered in favor of plaintiff. Judgment was signed accordingly. A motion for new trial, or alternatively for a remit-titur, was filed by defendants and the trial judge ordered a new trial unless plaintiff agreed to a remittitur within thirty days. The remittitur was timely agreed to by plaintiff and an order was signed by the trial judge denying defendants’ motion for new trial.
LSA-C.C.P. article 1813 provides as follows :
“If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to *496 the party or his attorney within what time he may enter a remittitur or addi-tur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the amount of the excess or inadequacy of the verdict or judgment can be separately and fairly ascertained. If a remittitur or ad-ditur is entered, then the court shall reform the jury verdict or judgment in accordance therewith.” (Emphasis ours)
We note in reviewing this record that it does not contain a judgment reforming the prior judgment. Therefore, we remand the case to the district court for the sole purpose of entering a judgment reforming the original judgment to reflect the entering of the remittitur.
Remanded.